Thomson, J.,
delivered the opinion of the court.
Fred C. Churning brought suit against Phillips county, to recover for certain services alleged to have been rendered, by him, as bailiff, by appointment of the county court of that count}!. Judgment was rendered in his favor. The county was sued by the name of “ Phillips County, Colorado.” It was so designated in all the subsequent proceedings, and judgment was given against it by that name. The writ of error was sued out, and a reversal of judgment is sought here, by “ The Board of County Commissioners of the County of Phillips.” •
Section 525 of the General Statutes (1883) provides as follows : “ In all suits or proceedings, by or against a county, *322 the name in which the county shall sue or be sued shall be, the board of county commissioners of the county of__; * * *. ” A county is a political subdivision of the state for governmental purposes, and, at common law, could neither sue nor be sued. It is only by virtue of statutory enactment that any action can be maintained, either in its behalf, or against it. The right to sue a county being purely statutory, where the mode of instituting the suit is prescribed by statute, it must be strictly followed. Schuyler Co. v. Mercer Co., 4 Gil. 20; Gilman v. Contra Costa Co., 8 Cal. 52; note to same case, 68 Am. Dec. 291; Monroe Co. v. Flynt, 80 Ga. 489; Rock Island Co. v. Steele, 31 Ill. 543. We have but one statutory provision concerning the manner in which a suit shall be brought against a county. It must be brought against the board of county commissioners of the county sued. That is the corporate name of the county for the purposes of the suit, and there is no authority to sue it by any other name. In this case the statutory requirement having been disregarded, the judgment is a nullity.
But the plaintiff in error is “ The Board of County Commissioners of the County of Phillips.” It was not a party to the proceedings below. It cannot, in any way, be affected by the judgment. The statute provides no method for the enforcement of such a judgment; and, neither directly nor remotely, is the plaintiff'in error interested in it, or in any disposition which might be made of it. The case is therefore improperly in this court, and the writ of error is dismissed.

Dismissed.